SHOEMAKER et al. v. LEEPER.

No. 4131.

United States Court of Appeals
Tenth Circuit.

Jan. 3, 1951.

Russell Thompson, Oklahoma City, Okl. (Monnet, Hayes & Brown, Oklahoma City, Okl., on the brief), for appellants.

Charles E. Dierker, Oklahoma City, Okl., for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Everett Shoemaker and Clarence W. Shoemaker brought this action against Art Leeper,[1] for damages alleged to have resulted from fraudulent misrepresentations as to facts which induced the plaintiffs to invest in certain prospective oil properties belonging to the defendant. The case was tried to the court without a jury and this appeal is from a judgment for the. defendant.

The defendant owned a block of oil leases in Kay County, Oklahoma, upon which he had drilled an oil well to the depth of about 2,500 feet. There had been some previous oil development in the vicinity and upon the advice of a consulting geologist, the defendant decided to test certain lower sands and set out to raise funds for that purpose.

Plaintiffs' evidence in substance is to the effect that the defendant approached them with a proposition to sell to them interests in the proposed well and certain other oil and gas leases on land adjacent to the well site. After considerable discussion they invested $12,000 for the purpose of deepening the old well or drilling a new well. The plaintiffs testified that the principal inducement to make this investment was the fact that the defendant represented to them that years before the Marland Oil Company had drilled a well in an adjoining section known as the Keating well which was capable of producing at least 40 barrels of oil per day and that such production was shown by the log of that well on file with the Oklahoma Corporation Commission. They also testified that the defendant represented to them that the structure upon which the test was to be made was similar and parallel to a nearby structure which was producing oil and that the proposed well had a chance of production from eight different sands. It was charged that these representations were false, that defendant knew they were false at the time they were made and that the investment was made as a result of such false statements. The defendant denied that he made such false representations and the evidence as to the same was in direct conflict. He testified that he had never examined the log on file with the corporation commission but his geologist had told him that it indicated that there had been no showing of oil. Upon these issues of fact the court found against the plaintiffs. We have examined the record and are of the opinion that the findings are supported by substantial evidence and are not clearly erroneous. They are conclusive on appeal. Widney v. United States, 10 Cir., 178 F.2d 830, 884; Keokuk Steel Casting Co. v. Lawrence, 10 Cir., 178 F.2d 788, 790; Jones v. Grinnell, 10 Cir., 179 F.2d 873, 875; Beard v. Achenbach Memorial Hospital Ass'n, 10 Cir., 170 F.2d 859, 862; United Brotherhood of Carpenters, etc. v. Sperry, 10 Cir., 170 F.2d 863, 867.

Plaintiffs contend that defendant's own testimony shows that he knew the log of the Keating well showed it to be a dry hole and under the Oklahoma law when he undertook to make representations as to the possible production from that well he must make a full disclosure. Deardorf v. Rosenbusch, 201 Okl. 420, 206 P.2d 996; Blackstock Oil Co. v. Caston, 184 Okl. 489, 87 P.2d 1087; Berry v. Stevens, 168 Okl. 124, 31 P.2d 950. But this is not the issue which the plaintiffs made. Their proof was to the effect that the defendant did tell them about the contents of the log and said that it showed the well was capable of producing 40 barrels per day. This the defendant denied and the trial court accepted defendant's version of the representation. Considering the record as a whole, we find no error.

Judgment is affirmed.

1. Herein referred to as plaintiffs and defendant.